UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOUG BERRY on behalf of himself, and all others,     Civ Action No.:
Similarly situated, and the Proposed New York Rule
23 Class,

                                           Plaintiff,     **COMPLAINT**

       -against-
                                                    **JURY TRIAL DEMANDED**

LHK PARTNERS INCORPORATED, AMERICAN
INSTITUTE OF CONSUMER STUDIES and
ANDREW LOHAN, an individual,

                                               Defendants.
-----------------------------------------------------------------X

       Plaintiff, DOUG BERRY ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, LAW OFFICES OF PETERS & ASSOCIATES, PLLC, brings this action for damages and other legal and equitable relief from Defendants, LHK PARTNERS INCORPORATED, AMERICAN INSTITUTE OF CONSUMER STUDIES and ANDREW LOHAN, an individual ("LOHAN") (collectively, "Defendants"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law ("Labor Law"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), and any other cause(s) of action that can be inferred from the facts set forth herein.

### INTRODUCTION

1. This is an action brought by Plaintiff challenging acts committed by Defendants against Plaintiff amounting to collective and class claims of violations of Federal and State Wage and Hour Laws.

2. Plaintiff also brings this action on his own behalf and those similarly-situated pursuant to the Federal and State laws requiring overtime pay.

1

3. Defendants committed violations of these laws by engaging in a systematic scheme of failing to compensate Plaintiff and similarly-situated employees their statutorily required overtime pay, as well as at a rate of pay in accordance with the Federal and State statutorily required minimum rate of pay per hour worked.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United State, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

5. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6. Complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(2) exists where Plaintiff is a citizen of the State of New York and Defendants are citizens of the State of Pennsylvania.

7. Venue is proper in this Court pursuant to 29 U.S.C. § 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred.

8. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) by virtue of Defendants' purposeful availment of the laws of the State of New York by marketing, promoting, shipping, distributing, selling, and/or offering its products and services to companies which have outlets nationwide, including this district.

9. This Court has personal jurisdiction over LHK PARTNERS INCORPORATED by virtue of its purposeful availment of the laws of the State of New York by marketing, promoting, shipping, distributing, selling, and/or offering its products and services to companies which have outlets nationwide, including this district. Furthermore, LHK PARTNERS INCORPORATED hires employees from this state.

10. This Court has personal jurisdiction over AMERICAN INSTITUTE OF CONSUMER STUDIES by virtue of its purposeful availment of the laws of the State of New York by marketing, promoting, shipping, distributing, selling, and/or offering its products and services to companies which have outlets nationwide, including this district. Furthermore, AMERICAN INSTITUTE OF CONSUMER STUDIES hires employees from this state.

## PARTIES

11. Plaintiff is a citizen of New York and resides in Jefferson County, New York.

12. Upon information and belief, Defendant LHK PARTNERS INCORPORATED (hereinafter "LHK") is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Newtown Square, Pennsylvania. LHK is a marketing research company that provides services

nationwide. LHK maintains a website with the Internet domain address of www.partnersinc.com, available to Internet users located in this district and world-wide.

13. Upon information and belief, Defendant AMERICAN INSTITUTE OF CONSUMER STUDIES (hereinafter "AMERICAN INSTITUTE") is a corporation organized under the laws of the State of Pennsylvania and a subsidiary of Defendant LHK. AMERICAN INSTITUTE'S principal place of business is in Newtown Square, Pennsylvania. AMERICAN INSTITUTE is a consumer research company that personally interviews consumers across the United States. AMERICAN INSTITUTE maintains a website with the Internet domain address of www.aicscareers.com, available to Internet users located in this district and world-wide.

14. Upon information and belief, Defendant LOHAN, is a citizen of Pennsylvania and resides in Pennsylvania. Defendant LOHAN is the President and Treasurer of Defendants LHK and AMERICAN INSTITUTE. Defendant LOHAN does business in the State of New York on behalf of Defendants, LHK and AMERICAN INSTITUTE.

## COLLECTION ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216()b) on his own behalf as well as those in the following class:

> Current and former employees of Defendants who perform any work for Defendants as Field Interviewers employees who give consent to file a cause of action to recover overtime compensation which is legally due them for the time worked in excess of 40 hours in a given work week as well as to recover the difference between the amount of wages actually paid to them and the statutorily minimum amount due ("FLSA Plaintiffs").

16. Plaintiff is similarly situated to all such individuals because while employed by Defendants, he and all FLSA Plaintiffs performed similar tasks, were subject to the same law and regulations, were paid in the same or similar manner, were paid the same or similar rate, were required to work in excess of 40 hours per work-week, were not paid the required 1.5 times their respective regular rates of pay for overtime worked, and were not paid at an amount equal to the minimum hourly required rate of pay per hour worked.

17. Defendants treated all FLSA Plaintiffs similarly in requiring them to work in excess of 40 hours per work-week without overtime compensation. Plaintiff and FLSA Plaintiffs work and/or worked for Defendants interviewing people at their homes at different locations in shifts in excess of ten (10) hours a day, seven (7) days per week. They were regularly scheduled in excess of five (5) shifts per week of ten (10) hours per shift and thus were specifically scheduled to work more than 40 hours per work week, yet Defendants did not pay them the statutorily required overtime compensation. They also were not compensated at an hourly rate in accordance with the minimum legally required hourly rate of pay. This practice was enforced against all employees in similar or identical fashion.

18. All FLSA Plaintiffs are engaged in interstate commerce as they are required to travel and interview consumers in different states.

19. Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs for overtime work and in accordance with the minimum rate of hours laws, yet purposefully chose not to.

## RULE 23 CLASS ALLEGATIONS

20. Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed, R. Civ. P. 23 (b)(3), on his own behalf as well as those who are similarly situated and are also FLSA Plaintiffs, who, during the applicable statutes of limitations, were subjected to violation of the New York Labor Law.

21. This class includes all persons who commenced employment with the Defendants after June 15, 2014.

22. Under F.R.C.P. 23(b)(3) Plaintiff must plead that the class:

    a. Is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class which predominate any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

23. The Class which Plaintiff seeks to define includes:

    > All personal employed by Defendant to perform any work for Defendants as a Field Interviewer during the statutory period within the State of New York who (1) worked in excess of 40 hours per week and were not compensated with overtime pay; and/or (2) were not compensated at a rate in accordance with the minimum rate of hours laws ("Class Plaintiffs").

### Numerosity

24. Upon information and belief, during the previous year, Defendants have, in total, employed well in excess of 50 employees in order to staff its business.

Common Questions of Law and/or Fact

25. There are questions of law/fact that govern over the claims which are available to each and every Class Plaintiff, including but not limited to the following:

   a. Whether Class Plaintiffs were compensated at a rate less than the statutorily required minimum hourly rate of pay;

   b. Whether Class Plaintiffs were scheduled to work and/or required to work in shifts of approximately 10 hours per day, seven (7) days per week;

   c. Whether Class Plaintiffs were compensated for overtime pay pursuant to Defendants' policies;

   d. Whether Defendants failed to pay Class Plaintiffs for the hours worked in excess of 40 hours;

   e. Whether Defendants kept accurate records of hours worked by Class Plaintiffs; and,

   f. Whether Defendants have any affirmative defenses for any of these claims.

Typicality of Claims and/or Defenses

26. Plaintiff was employed by Defendants in the same capacity as all of Defendants' Field Interviewers employees aside from Management. All of Defendants' employees were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact, which are applicable to each and every one of Defendants' employees.

7

27. This treatment included, but was not limited to, failure to pay employees the proper overtime wages and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay.

### Adequacy

28. The representative party is no longer employed by Defendants as he has been terminated. Plaintiff has kept substantial records from his time working for Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment herein. Additionally, Plaintiff's attorneys have substantial experience in this field of law.

### Superiority

29. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results. Plaintiff has no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiff was treated identically to other employees.

30. Indeed, because Plaintiff is no longer employed by Defendants, he will be able to further represent Class Plaintiffs by acting without fear of further retaliation and harassment. Thus, this means of protecting all of Class Plaintiffs' rights is superior to any other method.

### FACTS

31. Plaintiff commenced his employment with Defendants beginning on or about June 15, 2014 in the position of Field Interviewer. Plaintiff's work duties include

8

interviewing consumers, at their homes, daily and keeping records of said interviews.

32. Plaintiff worked for LHK, located at 2 Campus Boulevard, Newtown Square, Pennsylvania 19073.

33. Upon information and belief, the policies and practices of Defendants were common to all those employed as Field Interviewers, created and enforced as part of the joint operation, and they did not change significantly during the period of time when Plaintiff was employed by Defendants.

### Overtime and Wage Violations

34. Plaintiff, throughout his tenure of employment, was a full-time employee of Defendants who was paid on a weekly basis.

35. Plaintiff, however, was only compensated for his first 40 hours worked per workweek.

36. Throughout Plaintiff's entire tenure of employment with Defendants, Plaintiff was required to work, and did, in fact, work seven (7) days per week, Sunday through Saturday for approximately ten (10) hours a day. In addition, Plaintiff traveled 3 to 4 hours a day as part of his employment. Thus, Plaintiff was required to work and did in fact work in excess of 40 hours per week throughout his tenure of employment with Defendants.

37. This amount of time that Plaintiff was required to work corresponded with Defendants' regular hours of operation. Plaintiff was required to be working during all hours necessary to conduct in home interviews. Upon information and

belief, all non-managerial employees were also required to be working all hours necessary to conduct in home interviews.

38. For his services, Plaintiff's earned income per week for hours worked was: approximately ten (10) hours a day at an hourly wage of Ten Dollars ($10.00), seven (7) days a week. Upon information and belief, all non-managerial employees working as Field Interviewers were paid similar or identical salaries.

39. Plaintiff was not compensated in accordance with the statutorily required minimum hourly rate of pay during their periods of employment; specifically, in 2014.

40. Additionally, Plaintiff was not compensated at any rate for hours worked per workweek in excess of 40, much less at the statutorily mandated rate of one and one-half (1 ½) times his normal rate of pay.

41. All of Defendants' employees worked similar hours to Plaintiff and they were not compensated at the legally mandated overtime rate for hours worked per week in excess of 40, nor were they compensated at the legally required minimum hourly rate of pay. Plaintiff was aware of other employees' similar situations regarding hours worked and rate of pay based on conversations with other employees.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL COLLECTIVE PLAINTIFFS**

<u>**For Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219**</u>

42. Plaintiff and all other employees of Defendants were required to work in excess of 40 hours a week without being compensated for those hours at any rate of pay, much less at the statutorily required time and a half pay. Plaintiff and all other employees of Defendants were also not compensated at the minimum hourly rate

of pay. These practices were willful and lasted for the duration of the relevant time periods.

43. This practice is in violation of the Fair Labor Standards Act.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFSS

### For Violation of the New York Labor Law §§ 650 et. seq.

44. Plaintiff and all other employees of Defendants were required to work in excess of 40 hours a week without being compensated for those hours at any rate of pay, mucb less at the statutorily required time and a half pay. Plaintiff and all other employees of Defendants were also not compensated at the minimum hourly rate of pay. These practices were willful and lasted for the duration of the relevant time periods.

45. This practice is in violation of the New York Labor Law §§ 650 et. seq.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS PLAINTIFFS

### For Violation of 12 N.Y.C.R.R. § 142-2.4

46. Plantiff and all other employees of Defendants were required to work in excess of eight (8) hours a day without being compensated for the legally mandated spread of hours pay. These practices were willful and lasted for the duration of the relevant time periods.

47. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the Classes demand judgment against Defendants as follows:

1. Demand a jury trial on these issues to determine liability and damages;

2. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representative, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3. A judgment declaring that the practices complained of herein are unlawful and in violation of New York Labor Law § 215; Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA"); the New York Labor Law §§ 650 et. seq.; and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

4. All damages which Plaintiff and the Classes have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

5. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate and permitted by law;

6. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Granting Plaintiff and Classes other and further relief as this Court finds necessary and proper.

Dated: September 18, 2015
       New York, New York

                    Respectfully submitted,

                    **LAW OFFICES OF**
                    **PETERS & ASSOCIATES, PLLC**
                    *Attorneys for Plaintiffs*
                    402 West 145th Street, 2nd Floor
                    New York, New York 10031
                    Tel: 347.751.0157

                    By: _____
                         George T. Peters, Esq. (GP2661)